UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>STEVEN C. MANNION<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |

April 28, 2016

## LETTER OPINION/ORDER

Re: D.E. 54, Federal Rule of Civil Procedure 31 Depositions by Written Questions
Bryant v. Wasik, et al.
Civil Action No. 13-cv-02818 (SDW)(SCM)

Dear Litigants:

Before the Court is Plaintiff, Pontell Bryant's ("Mr. Bryant") letter requesting clarification on the need for a court reporter in Federal Rule of Civil Procedure ("Rule") 31 Depositions by Written Questions.[1] For the reasons set forth herein, the Court finds that depositions upon written questions may be recorded by a stenographer or other officer either stipulated by the parties or designated by the Court.[2]

I. INTRODUCTION

Mr. Bryant, a *pro se* inmate in State custody, brought this civil rights action against Defendants, Sco. Robert Wasik, Lt. Gregory Hudson, and Sco. Victor Gomez ("Defendants").[3] Mr. Bryant is proceeding *in forma pauperis* in this action, meaning the prepayment of filing fees and costs were initially waived due to his indigent status.[4]

On February 18, 2016, the Court granted Mr. Bryant's Motion for Leave to depose the

---

[1] (ECF Docket No. ("D.E.") 54).

[2] Fed. R. Civ. P. 28, 29, 30, 31.

[3] (*See generally* D.E. 1).

[4] (D.E. 5); *see Tabron v.* Grace, 6 F.3d 147, 157 (3d Cir. 1993).

1

Defendants by written questions and ordered the Defendants to respond to each question which had already been served upon their counsel (Deputy AG Matthew Lynch) in accordance with Rule 31.[5]

By letter dated March 21, 2016, Deputy AG Lynch wrote to Mr. Bryant requesting information about the "court reporter in regard to" the "written deposition questions."[6] Mr. Lynch then said that if Mr. Bryant "cannot afford to pay for" a court reporter he "will treat the" "written deposition questions as supplemental interrogatories and serve you with answers."[7]

On April 4, 2016, Mr. Bryant wrote to the Court seeking guidance with regard to his depositions by written questions.[8] Since Mr. Bryant does not want Mr. Lynch to disregard his written questions, Mr. Bryant asks the Court to determine whether a court reporter is necessary to proceed.[9]

By letter dated April 21, 2016, Mr. Lynch advised that Mr. Bryant has not served the written questions upon an "officer" to record the depositions.[10] Defendants have not responded to the written questions.

## II. DISCUSSION

Magistrate judges may consider and decide any non-dispositive motion designated by the Court.[11] The District Court has assigned this matter to the undersigned for pretrial management.[12]

---

[5] (D.E. 53).

[6] (D.E. 58-1).

[7] (*Id.*).

[8] (D.E. 54).

[9] (*Id.*).

[10] (D.E. 58).

[11] 28 U.S.C. § 636(b)(1)(A).

Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[13]

### A. Rule 31 Depositions by Written Questions

Rule 31 depositions by written questions are an "alternative means of discovery" for litigants who cannot afford the burden or expense associated with oral depositions.[14] All litigants generally bear their own litigation expenses.[15] Neither 28 U.S.C. § 1915 nor any other statute requires the government to finance the necessary expenses in a civil suit brought by an indigent litigant, including the costs associated with the taking of a deposition.[16] Where the expense and "hardships of taking an oral deposition would be substantial," courts consider the "logistical and security issues" involved and may permit *pro se* inmates to conduct discovery through written depositions without a court reporter.[17] For example, in *Brooks v. Quinn & Quinn* the court noted it lacked the authority to finance or pay for an indigent party's stenographic or court reporter expenses for the taking of a deposition.[18]

Moreover, a court reporter who handles recordings and transcriptions only stands to serve a duplicative function where depositions by written questions are transcribed in handwritten or typewritten form. Since that plaintiff was proceeding *in forma pauperis* and was unable to pay the initial filing fee, which was "significantly less than what deposition costs would be," the court granted her

---

[12] *See* L. Civ. R. 72.1(a)(1).

[13] 28 U.S.C. § 636(b)(1)(A).

[14] 7 Moore's Federal Practice – Civil § 31.02 (2015); *see Oxford Indus., Inc. v. Luminco, Inc.*, 1990 U.S. Dist. LEXIS 15685, at *4 (E.D. Pa. Nov. 19, 1990).

[15] *Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D.N.J. 1997) (quotation marks and internal citations omitted).

[16] *Id.* at 40-41; *Brooks v. Quinn & Quinn*, 257 F.R.D. 415, 417 (D. Del. 2009).

[17] *McKeithan v. Jones*, 212 F. App'x 129, 131 (3d Cir. 2007); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989); *Brown v. Carr*, 236 F.R.D. 311, 313 (S.D. Tex 2006); *Oxford Indus., Inc.*, 1990 U.S. Dist. LEXIS 15685, at *4.

[18] 257 F.R.D. at 417.

leave to depose the defendant by written questions.[19]

In light of the advantage Rule 31 provides as an affordable alternative to oral depositions and the general rule requiring all litigants to finance their own litigation expenses, the Court finds that a court reporter is not required for Mr. Bryant to depose the Defendants by written questions. First, Mr. Bryant is proceeding *in forma pauperis* and thus he clearly cannot afford the expenses associated with oral depositions.[20] To require Mr. Bryant to obtain and pay for a court reporter would not only eliminate an affordable discovery method but would also defy common sense. Mr. Lynch's letter to Mr. Bryant acknowledged that Plaintiff may not be able to afford a court reporter, and suggested the alternative of answering the questions like interrogatories, but did not follow through with written responses and instead remained idle the last month.

The Court has previously ordered the Defendants to respond to Mr. Bryant's depositions in its February 18 Letter Order and there is nothing left to do but comply.[21] The absence of a court reporter will not affect the Defendants' ability to fulfill their Rule 31 obligations or maintain accurate records of the written questions and their corresponding responses.

Finally, the parties are advised that Rule 1 was recently amended to require all parties "to secure the just, speedy, and inexpensive determination of every action and proceeding." [22] With that in mind, Mr. Lynch has correctly pointed out the party who notices a written deposition must deliver the questions to an "officer" who will certify the deposition.[23] The Court may designate such an

---

[19] *Id.* at 417-18.

[20] (D.E. 5).

[21] (D.E. 53).

[22] Fed. R. Civ. P. 1.

[23] Fed. R. Civ. P. 31(b).

4

officer or the parties may do so by agreement.[24] The officer need only be authorized to administer oaths by federal or state law.[25] Attorneys admitted to practice in this Court and in the State of New Jersey are so authorized. Accordingly, the Court designates Mr. Lynch as the "officer" to record the Defendants, Wasik, Hudson, and Gomez' responses to Mr. Byrant's written questions and deliver same to Plaintiff within 14 days.

The Clerk of the Court shall provide a copy of this Order to Plaintiff, Mr. Bryant, by U.S. Mail.

**SO ORDERED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/28/2016 7:23:00 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

Mr. Pontell Bryant
552782/311381-C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

---

[24] Fed. R. Civ. P. 29.

[25] Fed. R. Civ. P. 28(a)(1)(A).