NOT FOR PUBLICATION

UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PONTELL BRYANT,<br><br>  Plaintiff,<br><br>v.<br><br>S/C.O. WASIK, et al.,<br><br>  Defendants. | Civil Action No. 13-02818-SDW-SCM<br><br>**OPINION**<br><br>April 3, 2017 |

**WIGENTON**, District Judge.

Before this Court is the Motion for Summary Judgment of Defendants S/C.O. Wasik, S/C.O. Gomez, and Lt. Hudson (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendants' Summary Judgment Motion.

**I.   BACKGROUND**

*Pro se* Plaintiff Pontell Bryant ("Plaintiff") is an inmate of the New Jersey Department of Corrections. (Compl. ¶ 7; Defs.' Statement of Material Facts ("Defs.' SMF") ¶ 1.)[1] According to

---

[1] This Court notes that Plaintiff did not submit a responsive statement of undisputed material facts as is required by Local Civil Rule 56.1. Pursuant to Local Civil Rule 56.1, "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." However, because Plaintiff is

1

Plaintiff, on the morning of March 3, 2013, when Plaintiff was an inmate at Northern State Prison ("NSP"), Defendants, all corrections officers at NSP, escorted Plaintiff to a small room in NSP's Education Department. (Compl. ¶ 11.) Once in the room, Defendant Hudson allegedly asked Plaintiff to sign a form confirming Plaintiff was a member of a "security threat group." (*Id.* ¶¶ 11-12.) At that point, Plaintiff claims, Defendants threw Plaintiff to the floor and proceeded to punch and kick him until he agreed to sign the form. (*Id.*) Plaintiff claims to have suffered "head, back, neck, [f]ace, [and] leg injuries," as a result. (*Id.* ¶ 14.)

On May 2, 2013, Plaintiff filed the Complaint in this matter. (Dkt. No. 1.) In Count I of the Complaint, Plaintiff claims Defendants are liable under 42 U.S.C. § 1983 for their purported actions which violated Plaintiff's rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.[2] (Compl. ¶¶ 17-18.) In Count II, Plaintiff alleges Defendants are liable under a theory of negligence. (*Id.* ¶¶ 19-24.) In addition, Plaintiff seeks injunctive relief as well as both compensatory and punitive damages. (*Id.* at 5-6.)

Defendants filed the Motion for Summary Judgment now before this Court on October 23, 2016. (Dkt. No. 69 ("Defs.' Br. Supp.").) Plaintiff filed a brief in opposition on October 31, 2016, (Dkt. No. 70 ("Pl.'s Br. Opp.")), and Defendants filed a reply on November 14, 2016. (Dkt. No. 71 ("Defs.' Br. Reply").)

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

---

proceeding *pro se*, this Court has carefully reviewed Plaintiffs' submissions to determine which facts he contests.

[2] Although the Complaint also references the Fifth and Sixth Amendments, (Compl. ¶¶ 3-4), Plaintiff abandoned those claims in both his Opposition to Defendants' Motion and his deposition testimony. (*See* Bryant Dep. at 108:4-17.)

56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the non-moving party to set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions, or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The non-moving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the non-

moving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004) (citing *Celotex Corp.*, 477 U.S. at 322-23.) If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23.

Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The non-moving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. Appx. 548, 554 (3d Cir. 2002).

**III.   DISCUSSION**

    **A.  Count I**

In Count I of the Complaint, Plaintiff alleges Defendants are liable under 42 U.S.C. § 1983 for subjecting plaintiff to excessive force, deliberate indifference, and retaliation in violation of his First, Fourth, Eighth, and Fourteenth Amendment rights. (Compl. ¶¶ 17-18.) In their Motion, Defendants argue that they are entitled to summary judgment on Count I both because Plaintiff failed to properly exhaust available administrative remedies and, also, because Plaintiff has not identified sufficient evidence to support his § 1983 claims. (Defs.' Br. Supp. at 4-9, 13-21.) This Court considers each of these arguments in turn.

Defendants first argue that Plaintiff's § 1983 claims are barred because Plaintiff failed to exhaust available administrative remedies. (*Id.* at 4-9.) Under the Prison Litigation Reform Act of 1995 ("PLRA"), inmates must exhaust all available administrative remedies before bringing a

4

lawsuit to challenge prison conditions. *See* 42 U.S.C. § 1997e(a). Moreover, the PLRA prevents courts "from deciding that exhaustion would be unjust or inappropriate in a given case . . . . Exhaustion is no longer left to the discretion of the district court." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

In this instance, Plaintiff was incarcerated at NSP on March 3, 2013, the date of the alleged assault. (Defs.' SMF ¶ 3.) At that time, NSP's Inmate Handbook provided a grievance procedure with specific steps inmates were required to follow in pursuing a complaint. (Defs.' Br. Supp., Ex. B.) The NSP Handbook provides that "[a]ny complaints involving staff members should be written on an . . . [Inmate Remedy Form] and forwarded to the office of the Administrator." (*Id.*) In addition, the NSP Inmate Handbook provides that "[i]f no response is received by the inmate within 30 days, that inmate may submit an Administrative Remedy Form."[3]

Plaintiff claims to have filed an Inmate Remedy Form ("IRF") addressing the March 3, 2013 incident on either that day or the next. (Bryant Dep. at 88:16-89:19.) However, Defendants assert that a search of all IRFs submitted at NSP, East Jersey State Prison, and South Woods State Prison between March 3, 2013 and August 2013 did not produce an IRF pertaining to Plaintiff's allegations in this matter. (Defs.' SMF ¶¶ 35-36.) Although the search did produce thirteen IRFs that Plaintiff submitted during the relevant period, none of those IRFs complain of the alleged assault. (*See* Defs.' Br. Supp., Ex C.) In addition, Plaintiff did not administratively appeal the outcome of any of the thirteen IRFs he submitted during the relevant time period. (Def.'s SMF ¶ 37.)

---

[3] The Inmate Handbooks for both East Jersey State Prison (where Plaintiff was transferred on March 15, 2013) and South Woods State Prison (where Plaintiff was transferred on March 27, 2013), (Defs.' SMF ¶¶ 13-14), provide essentially the same framework, including that inmates who do not receive a response to an IRF within thirty days may file another form.

In response to Defendants' contention that Plaintiff failed to submit an IRF pertaining to the alleged assault, Plaintiff simply relies on his own, self-serving statements that he *did* submit an IRF. (*See* Pl.'s Br. Opp. at 1.) Yet, even if Plaintiff did submit such an IRF, he also admits that he "never received" a response. (Bryant Dep. at 89:15-20.) Therefore, as discussed above, if Plaintiff did not receive a response within thirty days of submitting the IRF, the next step in the grievance procedure was for him to submit another remedy form. (*See* Defs.' Br. Supp., Ex. B.) However, Defendants' search of the records did not produce such a form and Plaintiff does not claim to have submitted one. (*See* Defs.' SMF ¶¶ 36-37.) Accordingly, even if Plaintiff did submit an IRF regarding the March 3, 2013 incident, he still failed to exhaust his administrative remedies. (*See* Defs.' Br. Supp., Ex. B.) Thus, Plaintiff is precluded from bringing his § 1983 claims. Moreover, even if Plaintiff had properly exhausted his administrative remedies, Defendants would be entitled to summary judgment on Count I insofar as it is based on Plaintiff's rights under the Eighth Amendment.

Plaintiff bases his § 1983 claims in Count I upon*, inter alia*, theories of excessive force and deliberate indifference to Plaintiff's medical needs under the Eighth Amendment. (Compl. ¶ 18; Bryant Dep. 108:18-109:20.) In determining whether Defendants subjected Plaintiff to excessive force—i.e., "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm[]"— a jury would be required to consider five factors:

> (1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'

*Ringgold v. Keller*, 608 F. App'x 102, 104 (3d Cir. 2015) (quoting *Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir. 2000) (citation omitted)). In light of these factors, this Court first notes that although Plaintiff claims Defendants attacked him, and that he was injured as a result, his only evidentiary

support for this contention are his own self-serving statements. (*See generally* Bryant Dep.) Moreover, Plaintiff's deposition testimony regarding the incident is contradicted by the other evidence in the record. For example, Defendants contend that the alleged assault never happened and that Plaintiff was not injured. In support of this contention, Defendants offer a report from an administrative investigation the New Jersey Department of Corrections Special Investigations Division ("SID") conducted regarding the alleged assault. (Defs.' Br. Supp., Ex E. ("SID Report").) The SID Report indicates that there is no video footage which shows Plaintiff being assaulted. (*Id*. at 2.) It also points out that Nurse Nellie Copeland examined Plaintiff on March 4, 2013, and that Plaintiff had no injuries and no complaints. (*Id*. at 1-2.) Finally, in addition to Defendants denying they attacked, or witnessed someone else attacking, Plaintiff, Plaintiff also requested to return to the NSP general population rather than be held in protective custody. (*Id.* at 2.) Based on the record currently before this Court, no reasonable jury could determine that Defendants subjected Plaintiff to excessive force. Moreover, based on this evidentiary record, summary judgment is also appropriate regarding Plaintiff's § 1983 claim insofar as it is based on deliberate indifference.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Thomas v. Dragovich*, 142 F. App'x 33, 35 (3d Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted)). Corrections officers may be liable under a theory of deliberate indifference for "intentionally denying or delaying [a prisoner's] access to medical care." *Estelle*, 429 U.S. at 104. To succeed on such a claim, "a plaintiff must make (1) a subjective showing that "the defendants were deliberately indifferent to [his or her] medical needs" and (2) an objective showing that "those needs were serious." *Pearson v. Prison Health Serv.*, No. 16-1140, 2017 WL

7

892371, at *3 (3d Cir. Mar. 7, 2017) (first citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); then citing *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)).  Plaintiff has not presented sufficient evidence from which a reasonable jury could find either prong to be satisfied.

According to Plaintiff, he "suffered injuries to his head, neck, face [sic] . . . and was diagnose [sic] by a psychiatrist for emotional distress caused by the defendants . . . ." (*Id.*)  Plaintiff further elaborated in his deposition testimony that he suffered bruises and lacerations but no permanent physical injuries. (Bryant Dep. 113:12-25.)  He did not, however, provide any evidence of his physical injuries other than his own self-serving testimony.  Moreover, regarding his emotional distress, the only evidence Plaintiff provided, in addition to his own statements, is a single medical record dated April 13, 2016. (Pl.'s Br. Supp., Ex. A at 57-58.)  Rather than support his claim of emotional distress, though, that record indicates "[Plaintiff] is not agitated or distressed, and exhibits no significant disturbances of mood or affect."

Although the Complaint provides no detail regarding medical treatment, or a lack of medical treatment, for his injuries following the alleged assault, Plaintiff now claims that he "was not seen by any medical staff on March 3 nor 4th 2013 . . . . because [he] was placed in protective custody on March 4, 2013. " (Pl.'s Br. Opp. at 2.)  Plaintiff does, however, indicate that he *was* "seen by medical . . . a few days [after March 3, 2013] when [he] was having chest pain and was placed in the infirmary for a week." (*See* Pl.'s Br. Opp. at 2.)  Yet, Plaintiff does not state whether any injuries were found or treated during that exam, nor does he provide a record from that exam.  In contrast, Defendants argue that Plaintiff was seen by a nurse on March 4, 2013 and that the nurse found Plaintiff had no injuries or complaints. (Defs.' Br. Supp. at 17-18.)  That argument is supported by notes in the SID Report. (SID Report at 1-2.)

In light of the record now before this Court, Plaintiff has failed to identify evidence, other than his own self-serving statements, to show that he was seriously injured on March 3, 2013. Nor is there evidence in the record showing (1) that Defendants delayed Plaintiff's treatment for any injuries, (2) that Plaintiff suffered harm resulting from a delay, or (3) that Defendants thought Plaintiff needed immediate medical treatment. Accordingly, Defendants are entitled to summary judgment on Plaintiff's deliberate indifference claim. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious."); *Brooks v. Kyler*, 204 F.3d 102, 105 n.4 (3d Cir. 2000) (affirming summary judgment for defendants where there was "no evidence of any harm resulting from a delay in medical treatment . . . . [and] no evidence that the officers who did not immediately grant [the plaintiff's] request for a doctor thought [the plaintiff] needed immediate medical treatment . . . .").

### B. Count II

In Count II of the Complaint, Plaintiff alleges that Defendants are liable under a theory of negligence for attacking him. (Compl. ¶¶ 19-24.) To bring such an action against public employees, Plaintiff must have first given notice of the claim within ninety days after the cause of action accrued (i.e., the date on which the alleged tort occurred), pursuant to the New Jersey Tort Claims Act ("NJTCA"). N.J. Stat. Ann. ("N.J.S.A.") § 59:8-3; *see Hernandez v. City of Union City*, 264 F. App'x 221, 224 (3d Cir. 2008). The purposes of such a notice are:

> (1) 'to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit'; (2) 'to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense'; (3) 'to afford the public entity a chance to correct the conditions or practices which gave rise to the claim'; and (4) to inform the State 'in advance as to the indebtedness or liability that it may be expected to meet.'

9

*Beauchamp v. Amedio*, 164 N.J. 111, 121–22 (2000) (citations omitted).

In moving for summary judgment as to Count II, Defendants contend that Plaintiff did not comply with the NJTCA notice requirements. (Defs.' Br. Supp. at 10-13.) In support of this contention, Defendants argue that Plaintiff's March 3, 2013 letter to the Director of the New Jersey Department of Correction's Division of Operations, (Pl.'s Br. Opp., Ex. A at Bryant SID 4-9), does not satisfy the notice requirement. (*See* Defs.' Br. Supp. at 11-13.) It appears Defendants base this argument on the fact that the letter was sent to the Division of Operations rather than the Division of Risk Management. (*Id*.) However, even if Defendant was required to submit the letter to a different division, New Jersey courts have found the NJTCA's notice requirements to have been met when a plaintiff substantially, rather than strictly, complies with those requirements through a timely written notice. *Lebron v. Sanchez,* 970 A.2d 399, 405 (N.J. Super. Ct. App. Div. 2009) (noting that the NJTCA notice requirements were not intended as a "trap for the unwary").

In this instance, the letter Plaintiff submitted to the Division of Operations provided nearly all of the information required under the NJTCA. *See* N.J.S.A. § 59:8–4. Moreover, the Division of Operations referred the matter to SID on March 14, 2013, less than two weeks after Plaintiff's claim accrued. (Pl.'s Br. Opp., Ex. A at Bryant SID 4-9.) SID was able to perform a timely investigation into the incident after receiving notice from both Plaintiff and Plaintiff's mother. (*See* SID Report at 1). Defendants were in no way prejudiced by Plaintiff's method of notification and Plaintiff's actions evince a general compliance with the purposes of the notice requirements. *See Beauchamp*, 164 N.J. at 121–22. Accordingly, Plaintiff has substantially complied with the notice requirements and summary judgment is not warranted on that basis. Nonetheless, Defendants are entitled to summary judgment as to Count II for the reasons that follow.

In order to prevail on a negligence claim, "a plaintiff must demonstrate: (1) a duty of care owed to the plaintiff by the defendant; (2) that defendant breached that duty of care; and (3) that plaintiff's injury was proximately caused by defendant's breach." *Boos v. Nichtberger*, No. A-3080-12T1, 2013 WL 5566694, at *4 (N.J. Super. Ct. App. Div. Oct. 10, 2013) (citing *Endre v. Arnold,* 300 *N.J. Super.* 136, 142 (App. Div. 1997)).  However, as discussed in Section III.A., *supra*, Plaintiff has not identified sufficient evidence from which a reasonable jury could conclude Plaintiff was injured on March 3, 2013, nor that Defendants caused such an injury.  Accordingly, Defendants are entitled to summary judgment as to Plaintiff's negligence claim.

## IV.   CONCLUSION

For the reasons stated above, this Court **GRANTS** Defendants' Motion for Summary Judgment.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:     Clerk
cc:       Magistrate Judge Steven C. Mannion
          Parties